## SIMON TUFF *vs.* HARRY COHEN.

**1. JUDGMENT—LIENS—EXPIRATION.**

The lien of judgments recovered against a decedent in his lifetime, or recovered on rules of reference against his executrix, is lost at the expiration of twenty years from the date of the entry of the judgments for debts due at the time of entry.

**2. JUDGMENT—PAYMENT OF DEBTS—SALE OF REAL ESTATE—LIMITATIONS.**

The power to sell real estate of a decedent to pay his debts, reduced to judgments, may not be exercised after the expiration of twenty years from the time the judgments became due and payable.

*(April 9, 1912.)*

PENNEWILL, C. J., and BOYCE, J., sitting.

*Robert H. Richards* for plaintiff.

*Howell S. England* for defendant.

Superior Court, New Castle County, March Term, 1912.

ACTION ON THE CASE (No. 70, March Term, 1912) for breach of contract in respect to the sale of real estate. The case was submitted to the court on an agreed statement of facts. Judgment for plaintiff. Writ of error sued out of Supreme Court. (For Supreme Court proceedings, see *post*, also, 86 *Atl.* 833.)

The agreed statement of facts is in substance, as follows:

On the twelfth day of June, 1911, the plaintiff and the defendant agreed in writing, the first to sell and the latter to buy, for the sum of two thousand five hundred dollars, a certain piece of land with a two story dwelling house erected thereon, situate in the City of Wilmington, New Castle County, Delaware, at the northeast corner of Thirteenth and Wilson streets (described by metes and bounds).

It was also agreed that the plaintiff should convey to the defendant a title in fee simple to said lands and premises, clear of all liens and encumbrances.

There appeared, at the time, upon the docket of the Superior Court in and for New Castle County, a judgment against Jacob Pusey and Joseph M. Pusey, being No. 384, May Term, 1889, entered July 20, 1889. There were three other several judgments, recovered against Elizabeth Pusey, executrix of Joseph M. Pusey, deceased, being No. 117, September Term, 1890, entered November 10, 1890; Elizabeth Pusey, executrix of Joseph M. Pusey, deceased, and Hubert Cassidy, contractor, being No. 30, February Term, 1890, entered March 3, 1891; Elizabeth Pusey, executrix of Joseph M. Pusey, deceased, and Elizabeth Pusey, use of Harry Emmons, being No. 58, May Term, 1891, entered June 13, 1891, which were each recovered upon a report of referees duly appointed, and the debts represented by each and all of said judgments were due at the dates of the entry thereof, respectively.

That the said Joseph M. Pusey owned the above described lot of land and premises, in fee simple, at the time of his death; and that the said Elizabeth Pusey, his widow, died in the year 1910.

That the said Joseph M. Pusey, died in 1889, after July twentieth of that year, when the first mentioned judgment was recovered, having first made and published his last will and testament bearing date the fourth day of February, A. D. 1871, which was duly probated on the twenty-seventh day of April, A. D. 1889, and now remains on record in the office of the Register of Wills, in and for New Castle County aforesaid, in *Will Record L, Vol.* 2, *p.* 477, *etc.*, wherein is the following provision:

"I give, bequeath and devise unto my beloved wife, Elizabeth Pusey, her heirs and assigns, forever, all my estate, real, personal and mixed, of what nature and kind soever, and wheresoever the same shall be at the time of my death." By virtue of which said provision of said last will and testament, title to the hereinabove described lot, piece or parcel of land did descend to and vest in the said Elizabeth Pusey in fee.

That no inventory was ever filed with the Register of Wills of

the estate of Joseph M. Pusey, nor was any account ever passed by his personal representative, nor was any notice of the granting of letters testamentary ever advertised.

That, on the seventeenth day of July, 1901, the said Elizabeth Pusey conveyed the hereinabove described lot of land and premises unto Hubert Cassidy; and that the said Hubert Cassidy, in the year 1907, conveyed the same unto Simon Tuff, the plaintiff herein.

That both the said Hubert Cassidy and the said Simon Tuff were *bona fide* purchasers of the lot of land and premises hereinabove mentioned.

That, by virtue of an act of Assembly of the State of Delaware, liens of judgments entered or recorded in this honorable court cease to be liens at the expiration of ten years from the entry or recording thereof if wholly due and payable at the time of such entry, as were the said several judgments mentioned.

That, notwithstanding said statutes, said defendant maintains that the judgments hereinabove recited are still liens upon the lot, piece or parcel of land hereinabove described for the reason that they were debts against the estate of the said Joseph M. Pusey, deceased, at the time of his death, and that they ought to have been paid out of the real estate of which the said Joseph M. Pusey died seized and possessed; and the said defendant hath refused to take the title to said real estate and to pay the said purchase price therefor.

If the court should be of opinion that the said judgments are not now liens upon said lot, piece or parcel of land and that the same is not liable to be taken for the payment of said judgments, then judgment shall be entered in favor of the plaintiff and against the defendant for the sum of one hundred dollars damages, together with costs of suit, otherwise judgment shall be entered in favor of the defendant and against the plaintiff for the costs of this suit.

After hearing arguments of counsel, the court delivered the following opinion:

PENNEWILL, C. J., delivering the opinion of the court:

The above case is before the court upon an agreed statement of facts.

The questions of law to be determined are:

[1] *First.* Whether the lien of the judgments mentioned upon the real estate of the deceased has been lost by the operation of the statute known as the ten-year lien law. Three of the judgments were recovered upon rules of reference against the executrix of the deceased, and the remaining judgment was entered against the deceased in his lifetime. The latest of said judgments was entered in June 1891, and all were due at the time of entry.

We are clearly of the opinion that the lien of said judgments is lost.

[2] *Second.* Whether, notwithstanding the loss of the lien of the judgments under said statute, the real estate is nevertheless liable for the payment of the debts of said deceased.

While there is no statute in this state expressly limiting the period of liability of the real estate of a deceased person for the payment of his debts, we are of the opinion that the power to sell for the payment of debts, which is created, or conferred, by statute, should be exercised within a reasonable time after the death of the debtor. Such is certainly the policy of the law.

The reasoning of the Supreme Court of the United States in the case of *Ricard v. Williams, et al.,* 7 *Wheat.* 61, 5 *L. Ed.* 398, seems to us to be sound, reasonable and unanswerable. That was a case which arose in the State of Connecticut, where the law upon the question under consideration was practically in the same condition as in this state, except that the statute of limitations was there fifteen years.

Justice Story, in delivering the opinion of the court in that case, said:

"A power to sell the estate for the payment of debts being created by the law ought not to be so construed as to work mischiefs against the intent of the law. It ought to be exercised within a reasonable time after the death of the intestate; and gross neglect or delay on the part of the creditors for an unreasonable time, ought to be held to be a waiver or extinguishment of it. * * * What, then, is to be deemed a reasonable time for the exercise of this power to sell? It has been argued that the case of such a power is within the purview of the statute of limi-

tations of Connecticut; and if not, that the reasonable time for its exercise is to be fixed by analogy to that statute. The statute provides that no person shall, at any time thereafter, make entry into any lands or tenements, but within fifteen years next after his right or title shall first descend or accrue to the same, with a saving in favor of infants, *femes covert,*" etc. 7 *Wheat.* 116, 117, 5 *L. Ed.* 398.

In conformity with the decision in the Supreme Court case, we hold, under the facts stated, that the power to sell the real estate mentioned and described in this case could not be exercised after the expiration of twenty years from the time when said judgments became due and payable, and that therefore said real estate is not liable for the debts represented by said judgments.

And now, to wit, this ninth day of April, A. D. 1912, it is ordered that judgment be entered in favor of the plaintiff and against the defendant for the sum of one hundred dollars damages, together with costs of suit.